## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| CHAD GRISWOLD | : | |
| 1696 CR 16 | : | |
| Clovis, NM 88101 | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| BNSF RAILWAY COMPANY | : | |
| 2650 Lou Menk Drive | : | |
| Fort Worth, TX 76131-2830 | : | |
| Defendant. | : | |

## <u>COMPLAINT AND JURY DEMAND</u>

COMES NOW the plaintiff, CHAD GRISWOLD, by and through his undersigned counsel, and claims of the defendant an amount in excess of the statutory arbitration limits and avers the following:

1.      Plaintiff, CHAD GRISWOLD, is an adult individual residing in Clovis, New Mexico.

2.      Defendant, BNSF RAILWAY COMPANY, a subsidiary of Berkshire Hathaway, Inc., is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the State of New Mexico.

3.      At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant as a Conductor/Engineer in furtherance of the carrier's business of interstate commerce and transportation by railroad.

4.     This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., and the Locomotive Boiler Inspection Act, 45 U.S.C.A. §§23, et seq., recodified in 49 U.S.C.A. §§20701, et seq.

5.     On or about January 7, 2012, at or near Broncho, New Mexico, plaintiff was working in the course and scope of his employment for the Defendant, and while stepping onto defendant's locomotive, plaintiff was caused to sustain severe personal injuries to his left knee.

6.     Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

(a)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject equipment, train, car, engine, locomotive, steps, in a reasonably safe condition;

(b)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(c)     failing to warn plaintiff of the dangerous and/or hazardous condition of the work area, including but not limited to the dangerous and/or hazardous condition of the equipment, train, car, engine, locomotive, steps at issue;

(d)     failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject equipment, train, car, engine, locomotive, steps,  as described above, when the defendant knew or should have known that said conditions existed;

(e)     failing to use ordinary care to service and/or maintain the equipment, train, car, engine, locomotive, steps, in a reasonably safe condition and in a condition free from the presence of unsafe working conditions;

(f)     failing to use ordinary care to properly inspect the equipment, train, car, engine, locomotive, steps, to ensure that same was in reasonably safe condition;

(g)     failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject equipment, train, car, engine, locomotive, steps;

(h)     failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the equipment, train, car, engine, locomotive, steps;

(i)     failing to provide adequate space for plaintiff to work due to the presence of a dangerous condition;

(j)     failing to warn plaintiff and/or other similarly situated persons that the equipment, train, car, engine, locomotive, steps was improper, defective and/or otherwise dangerous;

(k)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous footing condition;

(l)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous lighting condition;

(m)     failing to provide reasonably safe and/or proper step height, from the ground to the bottom step, on the steps at issue; and

(n)     failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of a dangerous working condition which posed an unreasonable risk of harm to plaintiff.

7.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, plaintiff suffered injuries to his left knee, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

8.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

9.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

10.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

11.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff demands judgment in his favor and against defendant in an amount in excess of the statutory arbitration limits, for a reasonable award of compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.


Respectfully Submitted,

"Electronically filed"

Dated:                                                    By:_____
                                                          David M. Fine, Esquire
                                                          Fine Law Firm
                                                          220 Ninth St. NW
                                                          Albuquerque, NM 87102
                                                          (505) 243-4541
                                                          Attorneys for Plaintiff,
                                                          Chad Griswold


OF COUNSEL:          **BARISH◆ROSENTHAL**
                     1717 Arch Street
                     Three Logan Square
                     Philadelphia, PA 19103
                     (215) 923-8900